Cheryl L. Schreck (SBN 130083)
E-Mail: cschreck@fisherphillips.com
Sara Watar (SBN 341770)
E-Mail: swatar@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
R&L CARRIERS SHARED SERVICES, L.L.C.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MINGES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>R&L CARRIERS SHARED SERVICES, L.L.C., an Ohio corporation, d/b/a R&L CARRIERS; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 22STCV11330<br>*[Unlimited Jurisdiction]*<br><br>**DEFENDANT A R&L CARRIERS SHARED SERVICES, L.L.C.'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet, Corporate Disclosure Statement; Declarations of Cheryl L. Schreck and Daniel J. Brake; Notice of Related Cases; and Certificate of Interested Parties]*<br><br>Complaint Filed:  April 4, 2022<br>Trial Date:  Not Yet Set |

DEFENDANT R&L CARRIERS SHARED SERVICES, L.L.C.'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

FP 43938543.1

**TO PLAINTIFF AND HIS COUNSEL OF RECORD AND TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISCTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant, R&L CARRIERS SHARED SERVICES, L.L.C., ("Defendant"), through its counsel of record, submits this petition for removal of the action by Plaintiff WILLIAM MINGES ("Plaintiff") from the Superior Court of the State of California, Los Angeles County, to the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1332, 1441, and 1446.  The grounds for removal are as follows:

**I.      STATEMENT OF JURISDICTION**

1.      This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and this action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b), because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, and demonstrated in detail below.

**II.     VENUE**

2.      This action was filed in the Superior Court of the State of California for the County of Los Angeles.  Thus, venue properly lies in the United States District Court for the Central District of California.  U.S.C. § 84(c), 1391, and 1441.

**III.    PLAINTIFF'S COMPLAINT AND SERVICE OF SAME**

3.      This lawsuit arises out of the purported constructive termination of the employment of Plaintiff by Defendant.  On April 4, 2022, Plaintiff commenced an action in the Superior Court of the State of California in and for the County of Los Angeles against Defendant styled *William Minges v. R&L Carriers Shared Services, L.L.C.,* Case No. 22STCV11330 (hereinafter referred to as the "State Court Action").  A true and correct copy of the State Court Action is attached as

1

45282.0018      FP 43938543.1

1  Exhibit A to the Declaration of Cheryl L. Schreck (hereinafter "Schreck Dec.")
2  filed concurrently herewith.  *See* Schreck Dec. at ¶ 3.

3      4.     On April 13, 2022, Plaintiff served via process server a copy of the
4  summons and complaint and related papers on Defendant through its registered
5  agent for service of process, C T Corporation.  *See* Declaration of Daniel J. Brake
6  ("Brake Dec."), filed concurrently herewith at ¶ 2.

7      5.     Apart from the summons and complaint, the only other pleading that
8  has been filed in the State Court Action is Defendant R&L Carriers Shared
9  Services, L.L.C. Answer and Affirmative Defenses to Plaintiff William Minges'
10  Complaint.  A copy of Defendant R&L Carriers Shared Services, L.L.C.'s Answer
11  and Affirmative Defenses to Plaintiff William Minges' Complaint is attached as
12  Exhibit B to the Schreck Dec., filed concurrently herewith.  Schreck Dec. at ¶ 4.
13  No other pleadings have been filed in the State Court Action, and no proceedings
14  have been held therein.  Schreck Dec. at ¶ 4.

15  **IV.    TIMELINESS OF REMOVAL**

16      6.     This removal is timely under 28 U.S.C. section 1446 in that the
17  removal was sought within thirty (30) days after service of the summons and
18  complaint on Defendant R&L Carriers Shared Services, L.L.C.   28 U.S.C.
19  § 1446(b).  In addition, this notice of removal was filed within one year of the
20  commencement of the State Court Action as required by 28 U.S.C. § 1446(b).  *See*
21  Exhibit A to the Schreck Dec., filed concurrently herewith.

22  **V.    DIVERSITY OF CITIZENSHIP**

23      7.     This action may be removed on the basis of diversity of citizenship
24  jurisdiction.  Specifically, this is a civil action over which this court has original
25  jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court
26  pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action wherein
27  the amount in controversy exceeds the sum of $75,000, exclusive of interest and

28

2

45282.0018     FP 43938543.1

costs, and is between citizen of different states.  *See* U.S.C. § 1332(a).

## VI.   **COMPLETE DIVERSITY**

8.   At all relevant times, Plaintiff was a resident and citizen of the State of California.  *See* ¶ 23 of Plaintiff's Complaint which is attached as Exhibit A to Schreck Dec., filed concurrently herewith.  For purposes of diversity, a person is a "citizen" of the state in which he is domiciled.  *See* 28 U.S.C. § 1332(a)(1); *see also Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 863, 857 (9th Cir. 2011) (confirming that a person's domicile is the place in which he resides with the intention to remain).

9.   For purposes of diversity, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business.  28 U.S.C. § 1132(c)(1).  The phrase "principal place of business" refers to the place "where the corporation's high-level officers direct, control and coordinate the corporation's activities."  *Hertz v. Friend,* 999 U.S. 77, 95 (2010).  This is the corporation's "nerve center."  *Id.*  "[I]n practice [this] should normally be the place where the corporation maintains its headquarters."  *Id.* at 93.  This analysis focuses on the place at which the corporation's executive and administrative functions are conducted.  *See Industrial Tectronics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1092-93 (9th Cir. 1990); *see also State Farm Fire & Cas. Co. v. Byrd,* 710 F. Supp. 1292, 1293 (N.D. Cal. 1989) (determining "nerve center" by examining among other factors, where the corporation's headquarters are located and where its principal policy and executive decisions are made).

10.   Defendant currently is, and was at the time of the filing of this action and the notice of removal, an entity incorporated in the state of Ohio, with its principal place of business in Wilmington, Ohio.  *See* Brake Dec. at ¶¶ 3-4.   Its administrative functions including but not limited to human resources, safety, sales, and partner relations take place primarily out of its Wilmington, Ohio headquarters.

DEFENDANT R&L CARRIERS SHARED SERVICES, L.L.C.'S NOTICE AND PETITION FOR REMOVAL
OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

45282.0018       FP 43938543.1

1   *Id.*  Virtually all of Defendant's corporate executives and officers work in the

2   company's Wilmington, Ohio headquarters.  *See* Brake Dec. at ¶ 5.  Those officers

3   set corporate policy for Defendant.  *Id.*  As such, Defendant is a citizen of the state

4   of Ohio.

5         11.   Moreover, Defendants DOES 1-50 are fictitious.  Plaintiff's

6   Complaint does not set forth the identity or status of any fictitious defendants, nor

7   does it set forth any charging allegations against any fictitious defendants.  Thus,

8   pursuant to 28 U.S.C. § 1441(b), the citizenship of defendants sued under fictitious

9   names must be disregarded for purposes of determining diversity jurisdiction and

10   cannot destroy the diversity of citizenship between parties in this action.  *See*

11   *Newcomb v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998).

12         12.   Because Plaintiff's California citizenship is distinct from Defendant's

13   citizenship, which is Ohio, complete diversity exists between the parties.  *See*

14   U.S.C. § 1332(a).

15   **VII.**   **AMOUNT IN CONTROVERSY**

16         13.   The amount in controversy may be determined from the complaint or

17   from other sources, including statements made in the notice of removal.  *See Kanter*

18   *v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint

19   and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.,*

20   372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy

21   inquiry in the removal context is not confined to the face of the complaint"); *Cohn*

22   *v. PetSmart, Inc.,* 281 F.3d 837, 839-40, n. 2 (9th Cir. 2002)(considering settlement

23   demand letter for purposes of determining amount in controversy).

24         14.   Based on Plaintiff's allegations, there is no doubt that Plaintiff seeks

25   more than $75,000 in damages.  Plaintiff claims, among other things, that

26   Defendant discriminated against him because of his disability, failed to

27   accommodate and engage in the interactive process with him, retaliated against and

28

45282.0018   FP 43938543.1

wrongfully terminated him for engaging in protected activity, requesting reasonable accommodation for his medical condition and attempting to engage in the interactive process. *See* ¶¶ 28-29, 41, 51, 63 and 73-74 of Plaintiff's Complaint which is attached hereto as Exhibit A.  Accordingly, Defendant may be liable to Plaintiff for, and he seeks against Defendant, past and future lost wages and benefits, as well as emotional distress, medical expenses, punitive damages, and attorneys' fees. *See* ¶¶ 30-37, 42-48, 53-59, 64-70, 76-82, 86-92, 100-108 and 110-118 which is attached hereto as Exhibit A.

15.    Plaintiff will more likely than not claim past lost wages and benefits through trial.  Schreck Dec. at ¶ 6.  Before the end of his employment, Plaintiff earned an annual salary of $81,088.00, or $6,757.33 per month.  *See* Brake Dec. filed concurrently herewith at ¶ 7.  Given that Plaintiff alleges that he was terminated as of October 19, 2021 and it has been 6 months since Plaintiff's "termination," his past lost wages to date, not even including the value of lost employment benefits, is $40,544.00 (*i.e.*, $81,088.00 divided by 12 multiplied by 6 months since "termination").  *See* Schreck Dec. at ¶ 6; *see also* Plaintiff's Complaint at ¶ 14, which is attached hereto as Exhibit A.   Because Plaintiff will likely seek lost wages through trial, and trial will likely not take place until May 2023, at the earliest (*i.e.,* one year from the filing of the notice of removal), Plaintiff's lost wages will increase by another $81,088.00, for a total past lost wages in controversy of $121,632.00 (*i.e.*, past lost wages to date of $40,544.00 plus an addition $81,088.00 from date of notice of removal to one year from the filing of the notice of removal). Schreck Dec. at ¶ 6.

16.    Therefore, Plaintiff's purported past lost wages to date (not even taking into consideration future lost wages and past and future lost employee benefits) well exceed $75,000 and, in fact, may be much more through trial. Schreck Dec. at 7.  This is not even factoring in emotional distress, medical

expenses and/or punitive damages, which Plaintiff seeks in connection with all of the claims he has asserted in his complaint.  Schreck Dec. at ¶ 7. In sum, although no specific figure is set forth in the Complaint, the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.   28 U.S.C. § 1332(a).

17.    Accordingly, pursuant to 28 U.S.C. §§ 1332 and 1441(a), the State Court Action may be removed to the United States District Court for the Central District of California in that it is more likely than not that the amount in controversy exceeds $75,000, exclusive of costs and interest, and there was, at the time the action was filed, and there is now at the time of the filing of the notice of removal, diversity of citizenship between Plaintiff and Defendant.

**VIII. <u>CONCLUSION</u>**

18.    For all of the above reasons, the State Court Action is removable to this Court under 28 U.S.C. §§ 1441(a) and (b) and 1446.

Dated:  May 11, 2022                         Respectfully submitted,

FISHER & PHILLIPS LLP

*/s/ Cheryl Schreck*
By: _____
Cheryl L. Schreck
Attorney for Defendant
R&L CARRIERS SHARED
SERVICES, L.L.C

6

45282.0018        FP 43938543.1

1

**PROOF OF SERVICE**
**(CCP §§1013(a) and 2015.5)**

2

3        I, the undersigned, am at least 18 years old and not a party to this action.  I
am employed in the County of Los Angeles with the law offices of Fisher & Phillips
4    LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles,
California 90071.

5    On May 11, 2022, I served the following document(s) **DEFENDANT A R&L**
**CARRIERS SHARED SERVICES, L.L.C.'S NOTICE AND PETITION**
6    **FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441**
**AND 1446** on the person(s) listed below by placing ☐ *the original* ☒ *a true*
7    *copy* thereof enclosed in sealed envelope(s) addressed as follows:

8    Jay S. Rothman                          Attorneys for Plaintiff
Jeff D. Neiderman                       WILLIAM MINGES
9    JAY S. ROTHMAN &                        Telephone: (818) 986-7870
ASSOCIATES                              Facsimile: (818) 990-3019
10   21900 Burbank Boulevard, Suite 210      E-mail:
Woodland Hills, California 91367        jneiderman@jayrothmanlaw.com

11   ☒      **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package
addressed to the person(s) whose address(es) are listed above and placed the
12          envelope for collection and mailing, following our ordinary business
practices.  I am readily familiar with this business's practice for collecting
13          and processing correspondence for mailing.   On the same day that
correspondence is placed for collection and mailing, it is deposited in the
14          ordinary course of business with the United States Postal Service in Los
Angeles California, in a sealed envelope with postage fully prepaid.
15   ☐      **[by FAX]** - Based on an agreement of the parties to accept service by fax
transmission, I faxed the document(s) to the person(s) at fax number(s) listed
16          above from fax number (213) 330-4501.  The fax reported no errors.  A copy
of the transmission report is attached.
17   ☐      **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an
envelope or package provided by an overnight delivery carrier and addressed
18          to the person(s) at the address(es) listed above.  I placed the envelope or
package for collection and overnight delivery at an office or a regularly
19          utilized drop box of the overnight carrier.
☐      **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement
20          of the parties to accept service by electronic transmission, I electronically
served the document(s) to the person(s) at the electronic service address(es)
21          listed above.

22          I declare under penalty of perjury, under the laws of the State of California,
that the foregoing is true and correct.
23

24          Executed May 11, 2022, at Los Angeles, California.

25   Anh Tran                                By:  */s/ Anh Tran*
         _____                         _____
26            Print Name                                  Signature

27

28

1
PROOF OF SERVICE